IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MANUEL CARRILLO-LOPEZ, <br> Defendant. | Case No. CR10-2020 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 27th day of May, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

## RELEVANT FACTS

On May 20, 2010, Defendant Manuel Carrillo-Lopez was charged by Indictment (docket number 3) with distribution of methamphetamine (Count 1) and conspiracy to distribute and possess with intent to distribute methamphetamine (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 26, 2010.

Special Agent Mark McHugh of the Drug Enforcement Administration ("DEA") testified regarding the circumstances surrounding the instant charges. In April 2008, law enforcement became aware of an individual in Decorah involved in the distribution of controlled substances. Following a traffic stop of that individual on April 4, 2008, authorities searched the person's house and seized eight ounces of methamphetamine, together with $30,000 in cash. The person then agreed to be a cooperating individual ("CI").

1

The CI reported that the Defendants, Manuel Corrillo-Lopez and Fernando Corrillo-Pantoja, were his source for the methamphetamine. The Defendants are the owners of La Placita restaurant in Waterloo. According to the CI, he would pay Defendants $400 down and receive one to four ounces of methamphetamine. He would then pay the balance later.

According to the CI, he obtained four ounces of methamphetamine from Defendant on March 29, 2008. The CI still owed Defendant $4,000 when he was stopped by law enforcement on April 4, 2008. The CI reported that he had received two to four pounds of methamphetamine from Defendants over an eight-month period. Defendant would obtain the methamphetamine either inside or outside Defendants' restaurant.

On April 12, 2008, authorities sent the CI to the restaurant, where he paid Defendant $2,000. On April 18, 2008, the CI was sent back to the restaurant to pay an additional $2,000. At that time, Defendant took the CI to the basement and provided the CI with eight ounces of methamphetamine. A video recording was made of the transaction. (Still photos from the video recording were introduced at the hearing as Government's Exhibit 1.)

Following his arrest on the instant charge, Defendant was transported to the Linn County jail. A sim card from a cellular telephone was taken from Defendant. A deputy subsequently saw Defendant try to swallow something. The deputy was unsuccessful in trying to stop Defendant. According to Special Agent McHugh, Defendant subsequently admitted swallowing a sim card. Defendant was taken to a hospital and x-rayed, but the results were "inconclusive."

According to the pretrial services report, Defendant is 32 years old. He was born in Mexico, but moved to the United States in 1993. Defendant's parents continue to reside in Mexico. Defendant is married and has three children. Defendant was married previously and has one child from that relationship.

Since December 2007, Defendant has been the co-owner of La Placita Mexican Store in Waterloo, Iowa. Prior to that time, Defendant worked for 14 years at Tyson Fresh Meats in Waterloo. Defendant has no physical or mental health problems, although

he believes he suffers from a gambling addiction. Defendant admitted to the pretrial services officer that for the last 18 months, he has used methamphetamine at least twice a week.

Defendant became a naturalized citizen of the United States in 2007. He travels once or twice each year to visit his family in Mexico, with the last trip being in March 2009. Special Agent McHugh testified that law enforcement authorities have information that Defendant was planning a trip to Mexico prior to his arrest. Defendant's only prior criminal conviction was for interference with official acts in 1998.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where

3

a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of methamphetamine and conspiracy to distribute and possess with intent to distribute methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distribution of methamphetamine and conspiracy to distribute and possess with intent to distribute methamphetamine. The weight of the evidence against Defendant is strong. The controlled purchase of methamphetamine from Defendant on April 18, 2008 was video recorded. Defendant is married, has four children, and has lived in the Waterloo area for the last 17 years. Defendant's parents continue to live in Mexico, and Defendant regularly visits Mexico. Defendant admits using methamphetamine at least twice each week for the last 18 months. Defendant admitted swallowing a sim card following his arrest, apparently in an effort to destroy evidence.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 25, 2010) to the filing of this Ruling (May 27, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 27th day of May, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA